IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

THE CUMBERLAND INSURANCE GROUP
a/s/o TROY & MARY NAUMAN
633 Shiloh Pike
P.O. Box 556
Bridgeton, NJ 08302
       Plaintiff(s)

v.

THE SIMPLEX GROUP a/k/a THE
SIMPLEX ORGANIZATION d/b/a
SIMPLEX SIGNS & SERVICE
81 Henry Street
East Stroudsburg, PA 18301
       Defendant(s)

Civil Action No.:

## COMPLAINT

Plaintiff, The Cumberland Insurance Group a/s/o Troy & Mary Nauman (hereinafter "plaintiff" or "Cumberland" or "subrogee"), by and through undersigned counsel, hereby demands judgment against the above-named defendant(s), and in support thereof complains as follows:

### PARTIES

1. Cumberland is a business entity organized and existing under the laws of the State of New Jersey, with its principal place of business located at 633 Shiloh Pike, P.O. Box 556, Bridgeton, NJ 08302.

2. At all times relevant hereto, Cumberland was duly authorized to engage in the business of insurance in Pennsylvania.

3. At all times relevant hereto, Cumberland provided property (*inter alia*) insurance to Troy & Mary Nauman (hereinafter "the Naumans" or "subrogors") in connection with their

commercial property located at 100 Henry Street, East Stroudsburg, PA 18301 (hereinafter the "subject property"), under a policy of insurance that was in full force and effect on all relevant dates, and at all relevant times. As a result of claims made on said policy, Cumberland became subrogated to certain rights and interests of the Naumans, i.e. for any monies paid thereunder, including the claims giving rise to the within cause of action.

4. Defendant, The Simplex Group a/k/a The Simplex Organization d/b/a Simplex Signs & Service (hereinafter "Simplex Signs") is, upon information and belief, a Pennsylvania corporation with a principal place of business located at the address in the caption above.

## JURISDICTION AND VENUE

5. Jurisdiction is based on 28 U.S.C. §1332(a)(1) as this action involves a controversy between entities and/or citizens of different states. Moreover, the amount in controversy exceeds the jurisdictional threshold of this Court (exclusive of interest and costs).

6. Venue is proper in this district based on 28 U.S.C. §1391(a) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

7. Plaintiff incorporates by reference the preceding paragraphs as though set forth at length herein.

8. Not long before December 1, 2010, Simplex Signs moved out of the subject property, relocating its business from the first floor of the subject property to its current location at 81 Henry Street, East Stroudsburg, PA.

9. On or about December 1, 2010, a fire erupted at the subject property causing extensive damage to real and personal property, as well as loss of use and related damages besides.

10. The investigation as to the cause of the December 1, 2010, fire revealed that it was caused by energized electrical wires that were left exposed and/or improperly terminated by Simplex Signs upon it vacating the subject property.

11. The damages caused by the fire would not have occurred had Simplex Signs properly terminated and/or otherwise properly handled the exposed, energized electrical wires consistent with the applicable standard of care.

12. The fire, which resulted in significant damages in an amount in excess of $350,000.00, was directly and proximately caused by the Simplex Signs as is further and more fully described below.

13. To the extent these damages were covered under an insurance policy that Cumberland had in full force and effect at that time with the Naumans, claim monies were paid to the Naumans consistent with their policy's terms and conditions; as a result, Cumberland become subrogated to certain claims asserted in this action.

## COUNT I – NEGLIGENCE BY SIMPLEX SIGNS

14. Subrogee incorporates by reference the preceding paragraphs as though set forth at length herein.

15. The aforementioned damages were the direct and proximate result of the negligence, carelessness, recklessness, and/or other unlawful conduct of Simplex Signs, by and through its employees, agents, technicians, vendors, subcontractors, and/or servants, more specifically described as follows:

(a) Failing to properly and adequately supervise, monitor and/or manage the removal, termination, and inspection of the electrical wires and/or electrical connections at the subject property, and its handling/service thereafter;

(b) through the failure stated in above subparagraph (a), creating, maintaining or permitting to be maintained a hazardous and/or dangerously defective condition involving the removal and/or termination of electrical wires at the subject property;

(c) failing to inspect and/or take adequate measures to ensure that the removal and/or termination of electrical wires at the subject property was not disturbed once installed so as to create an unsafe condition;

(d) failing to take necessary precautions to protect the Naumans' property by remediating, marking or otherwise notifying and/or alerting the Naumans of the unsafe condition involving the exposed electrical wires at the subject property;

(e) failing to properly remove, terminate, supervise and/or test the exposed electrical wires at the subject property to ensure that they functioned properly in accordance with all applicable specifications, instructions, rules, customs, regulations, protocols and standards of care relating to such instrumentality at the subject property;

(f) failing to instruct, advise, alert, educate, notify and/or otherwise inform the Naumans or others of the unsafe condition created by the improper removal and/or termination of electrical wires at the subject property;

(g) failing to adequately train, instruct and supervise its employees (etc., as above) so as to avoid the problems set forth in subparagraphs (a) – (f) above;

(h). violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action; and/or

(i). otherwise acting negligently (etc., as above) under the circumstances.

16. Simplex Signs's negligent and other unlawful actions and/or omissions were the direct and proximate causes of the damages sustained by subrogor; subrogee is subrogated to claims relating to certain of those damages.

**WHEREFORE**, subrogee respectfully requests judgment against Simplex Signs in an amount in excess of $350,000.00, plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

**NELSON LEVINE de LUCA & HORST, LLC**

BY: ____DJDL5957____
Daniel J. de Luca,
Attorney for Plaintiff
Attorney I.D. No. 74727
518 Township Line Road
Suite 300
Blue Bell, PA 19422
(215) 358-5100

Dated: March 18, 2011